ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

MAR 14 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| OSPREY CAPITAL, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>JAMES R. GREGG,<br><br>　　Defendant. | 3:03-CV-030-JTC<br><br>Civil Action File No.: _____ |

## PLAINTIFF OSPREY CAPITAL, LLC'S COMPLAINT

COMES NOW Plaintiff OSPREY Capital, LLC's ("Osprey"), by and through its counsel, and hereby files its Complaint against James R. Gregg and shows this Court as follows:

### The Parties

1.

Defendant James R. Gregg ("Gregg") is a domiciliary of the State of Georgia and resides at 13 Harper Way, Carrollton, Georgia 30117. Gregg is subject to the jurisdiction of this Court.

2.

Plaintiff is a limited liability company organized under the laws of the State of Maryland with its principal place of business in Potomac, Maryland.

## Subject Matter Jurisdiction

3.

The amount in controversy in this action exceeds Seventy-Five Thousand and No/100ths Dollars ($ 75,000.00), exclusive of interest and costs.

4.

This Court has jurisdiction over the subject matter of this Action pursuant to 28 U.S.C. § 1332(a)(2) since this is action is between a citizen of Georgia and a citizen of Maryland and since the amount in controversy exceeds Seventy-Five Thousand and No/100ths U.S. Dollars ($ 75,000.00), exclusive of interest and costs.

## Venue

5.

Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(a)(1) since the Defendant resides within the territory encompassing the United States District Court for the Northern District of Georgia.

## Conditions Precedent

6.

All conditions precedent to this Action have been performed or satisfied or their performance has otherwise been excused or waived.

## Background Facts

7.

On or about August 15, 2000, Gregg executed a promissory note (the "Note") in favor of Wachovia Bank, N.A. ("Wachovia") in the amount of Two Hundred Forty Thousand Two Hundred Fifty and No/100ths U.S. Dollars ($ 240,250.00).

8.

The Note matured on or about September 1, 2001, but Gregg failed and refused to make final payment to Wachovia, and as such, was in default thereunder.

9.

As of June 6, 2002, the indebtedness due under the Note was Two Hundred Eighteen Thousand Nine Hundred Twenty and 66/100ths U.S. Dollars ($ 218,920.66).

10.

On or about June 12, 2002, Gregg executed a forbearance agreement with Wachovia (the "Forbearance Agreement").

11.

In the Forbearance Agreement, Gregg acknowledged that he had defaulted on the Note.

12.

Gregg has defaulted under the terms of the Forbearance Agreement.

13.

On or about September 23, 2002, Wachovia assigned its rights and interests in the Note and the Forbearance Agreement to Osprey.

14.

As of March 12, 2003, Gregg is indebted to Osprey in an amount not less than Two Hundred Twenty-One Thousand Five Hundred Ninety-One and 09/100ths U.S. Dollars ($ 221,591.09).

15.

This amount consists of outstanding principal in the amount of Two Hundred Ten Thousand Two Hundred Eighty-Seven and 19/100ths U.S. Dollars ($ 210,287.19) and accrued interest in the amount of Eleven Thousand Three Hundred Three and 90/100ths U.S. Dollars ($ 11,303.90).

## Count I: Suit on Note and Breach of Contract

16.

Osprey repeats, realleges, and incorporates herein by reference, each and every allegation set forth in Paragraph 1 through Paragraph 15 of this Complaint.

17.

The Note matured on or about September 1, 2001, but Gregg has failed and refused to make final payment to Osprey, and as such, is in default thereunder.

18.

Osprey has made repeated demands for payment pursuant to the Note and the Forbearance Agreement.

19.

Gregg has breached the terms of the Note and the Forbearance Agreement.

20.

Pursuant to the terms of the Note and Forbearance Agreement, Gregg is indebted to Osprey in an amount not less than Two Hundred Twenty-One Thousand Five Hundred Ninety-One and 09/100ths U.S. Dollars ($ 221,591.09).

21.

This amount consists of outstanding principal in the amount of Two Hundred Ten Thousand Two Hundred Eighty-Seven and 19/100ths U.S. Dollars ($ 210,287.19) and accrued interest in the amount of Eleven Thousand Three Hundred Three and 90/100ths U.S. Dollars ($ 11,303.90).

22.

This amount continues to accrue interest and is increasing daily.

### Count II: Attorney's Fees Pursuant to O.C.G.A. 13-1-11

23.

Osprey repeats, realleges, and incorporates herein by reference, each and every allegation set forth in Paragraph 1 through Paragraph 22 of this Complaint.

24.

Pursuant to the Note and the Forbearance Agreement, Gregg agreed to be liable for reasonable attorney's fees and other costs and expenses incurred in enforcing the Note and Forbearance Agreement.

25.

Pursuant to O.C.G.A. § 13-1-11, Osprey provided Gregg with written notice of its intention to enforce the provisions of the Note and Forbearance Agreement relating to attorney's fees and the costs of collection.

26.

Pursuant to O.C.G.A. § 13-1-11, Osprey now reiterates its demand and hereby again notifies Gregg that the obligations specified in the Note and Forbearance Agreement have matured, that Osprey intends to enforce the terms of the Note and Forbearance Agreement through an attorney unless payment in the amount of Two Hundred Twenty-One Thousand Five Hundred Ninety-One and 09/100ths U.S. Dollars ($ 221,591.09) is made within ten (10) days of service of this Complaint, and that the Note and the Forbearance Agreement entitle Osprey to recover as attorney's fees fifteen percent (15%) of the first Five Hundred and No/100ths U.S. Dollars ($ 500.00) recovered and ten percent (10%) of the remainder.

## Count III: Expenses of Litigation

27.

Osprey repeats, realleges, and incorporates herein by reference, each and every allegation set forth in Paragraph 1 through Paragraph 26 of this Complaint.

28.

Gregg acknowledged his indebtedness in the Forbearance Agreement.

29.

Osprey has made repeated attempts to obtain payment from Gregg.

7

30.

Gregg has acted in bad faith and has been stubbornly litigious.

31.

Gregg has caused Osprey unnecessary trouble and expense.

32.

Osprey is entitled to an award of the expenses of litigation pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

**WHEREFORE** Osprey prays for the following relief:

(1) That judgment be entered in favor of Osprey and against James R. Gregg;

(2) That James R. Gregg take nothing;

(3) An award of damages against James R. Gregg in an amount to be proven at trial but not less than Two Hundred Twenty-One Thousand Five Hundred Ninety-One and 09/100ths U.S. Dollars ($ 221,591.09) which amount consists of outstanding principal in the amount of Two Hundred Ten Thousand Two Hundred Eighty-Seven and 19/100ths U.S. Dollars ($ 210,287.19) and accrued interest in the amount of Eleven Thousand Three Hundred Three and 90/100ths U.S. Dollars ($ 11,303.90) as of March 13, 2003;

(4) An award of prejudgment interest;

(5) An award of attorney's fees, costs, and expenses in accordance with O.C.G.A. § 13-1-11;

(6) An award of attorney's fees, costs, and expenses in accordance with O.C.G.A. § 13-6-11; and

(7)     Any and all other relief which the Court deems just and proper.

This ___14th___ day of March, 2003.

                                              Respectfully Submitted,

                                              T. Hunter Jefferson
                                              Georgia Bar No. 389998

                                              Smith, Gambrell & Russell, LLP
                                              Promenade II, Suite 3100
                                              1230 Peachtree Street, N.E.
                                              Atlanta, Georgia 30309-3592
                                              404.815.3500

                                              Attorneys for Plaintiff Osprey Capital, LLC

°·AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Northern__ District of __Georgia__

**(Newnan Division)**

**OSPREY Capital, LLC**

SUMMONS IN A CIVIL CASE

V.

**James R. Gregg**

CASE NUMBER:

# 3:03-CV-030-JTC

TO: (Name and address of Defendant)

**James R. Gregg**
**13 Harper Way**
**Carrollton, Georgia  30117**

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**T. Hunter Jefferson, Esq.**
**Smith, Gambrell & Russell, LLP**
**Promenade II, Suite 3100**
**1230 Peachtree Street, NE**
**Atlanta, Georgia  30309-3592**

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS                                    MAR 1 4 2003

CLERK                                                             DATE

(By) DEPUTY CLERK